# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GRACIE BODO,<br><br>    Plaintiff,<br><br>  v.<br><br>BRAD ANGASAN, *et al.*,<br><br>    Defendants. | Case No. 3:23-cv-00035-SLG |

### ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR PAYMENT OF UNDISPUTED WAGES DUE A SEAMAN & DEFENDANTS' MOTION TO STRIKE

Before the Court at Docket 25 is Plaintiff Gracie Bodo's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman. Defendants Brad and Ronalda Angasan, husband and wife, responded in opposition at Docket 31. Ms. Bodo replied at Docket 32. Also before the Court at Docket 34 is Defendants' Motion to Strike Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman ("reply"). Ms. Bodo did not file a response. Oral argument was not requested for either motion and was not necessary to the Court's determination.

### BACKGROUND

This case arises from a dispute regarding the proper wages due to Ms. Bodo for her employment aboard the Fishing Vessel ("F/V") Novarupta during the 2022

Bristol Bay sockeye salmon season in Alaska.[1] The Angasans own the Novarupta, and Mr. Angasan is the captain of the vessel.[2] Just prior to the 2022 Bristol Bay salmon season, the Angasans lost one of their crew members, and so they advertised the opening in various places, including on social media.[3] Ms. Bodo responded to the advertisement, and the Angasans agreed to hire her.[4] Prior to beginning her employment, Ms. Bodo requested that Ms. Angasan send her a work contract.[5] Ms. Angasan agreed to do so but never did, at least in part due to the lack of an internet or wireless connection strong enough to send emails in the area.[6]

At the outset, Ms. Bodo requested that she be paid 10% as her crew share, but that she was "open to negotiat[ions] for the right boat."[7] "Crew share" refers to a payment system based on a percentage of the ship's catch.[8] When crew members rise in seniority and experience, or if they have an additional skill such

---

[1] Docket 1 at 2, ¶¶ 5-6; Docket 25 at 1.

[2] Docket 31-1 at 1, ¶ 2; Docket 31-2 at 1, ¶ 2.

[3] Docket 31-2 at 1, ¶¶ 3-4.

[4] Docket 31-2 at 1-2, ¶¶ 5, 11.

[5] Docket 25 at 2; Docket 25-1 at 5.

[6] Docket 18 at 2, ¶ 7; Docket 31-2 at 2, ¶¶ 7, 12; Docket 25-1 at 4.

[7] Docket 25 at 2; Docket 25-1 at 4.

[8] *What is "crew share?"*, American Seafoods, https://www.americanseafoods.com/jobs/vessels-crew-jobs (last visited Aug. 8, 2023).

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 2 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 2 of 10

as "first aid, machine or engine maintenance, or a fishing permit," then they typically receive a higher percentage as their crew share.[9] On the Novarupta, the policy was "generally to offer 5 percent to the lowest ranking crew member on the vessel."[10] Among the three other crew members on board for the 2022 season, "10 percent was the highest crew share paid to any individual," and "[e]ach of those crew members ha[d] at least 10 years of prior fishing experience."[11]

When Ms. Bodo was negotiating with Ms. Angasan for the job, Ms. Bodo claimed that she had received a 10% share the last two years she had worked as a deckhand. While Ms. Angasan did not dispute Ms. Bodo's request for a 10% share, neither did she agree to it.[12] Mr. Angasan stated that "[d]uring discussions regarding pay," he had told Ms. Bodo that "she would be the lowest ranking crew member" on the Novarupta, "as the other crew had worked with [him] for many years prior."[13] Seemingly without the parties having come to an explicit agreement—either verbally or in writing—Ms. Bodo arrived to begin work on the Novarupta around June 30, 2022, about 11 days after the start of the season.[14]

---

[9] Docket 31-2 at 2, ¶ 10.

[10] Docket 31-2 at 2, ¶ 10.

[11] Docket 31-2 at 2, ¶ 9.

[12] Docket 25-1 at 4; Docket 25 at 2.

[13] Docket 31-1 at 2, ¶ 6.

[14] *See* Docket 31-1 at 2, ¶¶ 7-8; Docket 1 at 2, ¶ 6; Docket 26 at 2, ¶ 4.

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 3 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 3 of 10

Ms. Bodo worked on the Novarupta for just over two weeks.[15] The parties never entered into as written contract of employment.[16] While Ms. Bodo maintains that she is entitled to at least a 10% crew share, the Angasans contend that Ms. Bodo "lacked the skills that would be required of even a five percent (5%) crew member."[17]

Ms. Bodo initiated this action in September 2022.[18] Ms. Bodo's motion for partial summary judgment "is limited to payment of the undisputed 5% crewshare and a request for attorney fees."[19] The Angasans oppose; they contend that Ms. Bodo has failed "to show that her entitlement to any wages [is] 'undisputed'" and that attorney's fees should thus be denied.[20] The Angasans further move the Court to strike Ms. Bodo's reply, including a video filed with her reply that her attorney, Mr. John Merriam, alleges is a recording of an argument between Ms. Bodo and the Angasans regarding her crew share.[21]

## JURISDICTION

---

[15] *See* Docket 31-1 at 2-3, ¶¶ 8, 15.

[16] *See* Docket 31-2 at 2, ¶ 12.

[17] Docket 25 at 1; Docket 31 at 6; Docket 31-1 at 2-3, ¶¶ 9-14, 17.

[18] *See* Docket 1.

[19] Docket 25 at 2.

[20] Docket 31 at 1, 11.

[21] *See* Docket 32 at 2; Docket 32-1; Docket 33 at 2. The Court notes that while Plaintiff's counsel states that the file is "audio only," the Court was able to play the file as a video with sound. *See* Docket 32 at 2.

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 4 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 4 of 10

The Court has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 28 U.S.C. § 1333.[22]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[23] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[24] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[25]

## DISCUSSION

---

[22] "We [in the Ninth Circuit] use the terms 'admiralty' and 'maritime' interchangeably, as the relevant caselaw often uses both words without apparent distinction." *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1125 n.4 (9th Cir. 2018) (quoting *Gruver v. Lesman Fisheries, Inc.*, 489 F.3d 978, 982 n.5 (9th Cir. 2007)).

[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[24] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[25] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 5 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 5 of 10

The Court first addresses the Angasans' motion to strike Ms. Bodo's reply brief before turning to Ms. Bodo's motion for partial summary judgment.

## I. Motion to Strike

The Angasans request that the Court strike Ms. Bodo's reply "in its entirety" "and any evidence presented therewith," including the video filed with the reply.[26] The Angasans contend that Ms. Bodo's reply improperly shifts the burden to the defense to disprove Ms. Bodo's claim for relief.[27] And they maintain that the new video evidence should not have been submitted with a reply and that in any event, the video was improperly authenticated by counsel.[28] Ms. Bodo did not respond to the motion to strike.

"As a general rule, a movant may not raise new facts or arguments in his reply brief."[29] And "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."[30] The Court finds that Ms. Bodo improperly presented her video exhibit to the Court for the first time with her

---

[26] Docket 34 at 1, 5.

[27] Docket 34 at 2.

[28] Docket 34 at 3-5.

[29] *Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1218, 1226 (W.D. Wash. 2014) (internal quotation marks omitted) (citations omitted); *see also United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief.").

[30] *Provenz*, 102 F.3d at 1483 (alterations in original) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 6 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 6 of 10

reply brief. In addition, the Court finds that counsel's declaration regarding the video does not properly authenticate the video or comport with Federal Rule of Civil Procedure 56(c)(4). But while there is substantial merit to the Angasans' argument that Ms. Bodo's reply attempts to improperly shift the summary judgment burden to Defendants, the Court has nevertheless considered the arguments in Ms. Bodo's reply. Accordingly, the Court grants the Angasans' motion to strike only as to the video exhibit and any reference to the video or its contents contained within Ms. Bodo's reply brief. The motion is otherwise denied.

## II. Motion for Partial Summary Judgment

The Court now turns to Ms. Bodo's motion for partial summary judgment. In her complaint, Ms. Bodo seeks wages "at the highest rate paid out of Naknek, AK, . . . to the end of the 2022 Bristol Bay salmon season."[31] But her motion asks now for partial summary judgment to her for what she describes as the "undisputed" 5% crew share that remains unpaid.[32] Ms. Bodo attached to her motion an email from Defendants' prior lawyer, Mr. Mark Manning, who had contacted Ms. Bodo's attorney, Mr. Merriam, regarding a potential "$10,000-plus" payment and other options regarding settlement.[33] Ms. Bodo contends that though Defendants attempted to send Ms. Bodo that payment, both of the checks they sent were

---

[31] Docket 1 at 2, ¶ 9.

[32] Docket 25 at 1-2.

[33] Docket 25 at 2; Docket 25-2 at 1; *see also* Docket 25-4 at 1.

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 7 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 7 of 10

rejected by the bank; the first check was unable to be processed (for reasons unknown), and there appeared to be insufficient funds for the second one.[34] Because of the "two rubber checks" and the "refusal of the Angasans to pay Ms. Bodo even a 5% crewshare," Ms. Bodo asserts that Defendants have acted in bad faith, and that an award of $2,500 in attorney's fees is therefore appropriate under the general maritime law.[35]

In response, Defendants contend that Ms. Bodo has failed to meet her burden "to show that her entitlement to any wages [is] 'undisputed,'" and that she failed to cite any applicable law upon which relief may be granted.[36] Defendants maintain that the prior correspondence between the attorneys contains hearsay and offers of compromise that are inadmissible pursuant to Federal Rule of Evidence 408.[37] Defendants also contend that Ms. Bodo has failed to disprove Defendants' affirmative defenses and failed to prove bad faith.[38] Defendants

---

[34] *See* Docket 25 at 2-3; Docket 25-3 at 1-2; Docket 25-5 at 1-2. Ms. Bodo seems to allege that the 5% crew share she is owed amounts to $10,120. *See* Docket 25 at 2 (asserting that the motion for partial summary judgment "is limited to payment of the . . . 5% crewshare," and noting that the first check was for $10,120, but that the second check for $10,200 was "$80 too much").

[35] Docket 25 at 3 (citations omitted).

[36] Docket 31 at 1, 3.

[37] Docket 31 at 8-10.

[38] Docket 31 at 10-12.

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 8 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 8 of 10

assert that because Ms. Bodo is not entitled to summary judgment, she is not entitled to attorney's fees at this time.[39]

Viewing the facts in the light most favorable to the Angasans, the Court finds that Ms. Bodo, as the moving party, has failed to meet her burden to establish that "there is no genuine dispute as to any material fact and that [she] is entitled to judgment as a matter of law" to $10,120.[40] The Court finds that the emails between the parties' attorneys regarding payment to Ms. Bodo constitute offers of compromise that cannot form the basis for summary judgment as they would be inadmissible pursuant to Rule 408.[41] Ms. Bodo's motion also provides no evidence of how the $10,120 was calculated, as no catch accounting was filed with the motion. Further, the Angasans' declarations demonstrate that there are triable issues of fact as to Ms. Bodo's qualifications for even a 5% crew share.[42]

In her complaint, Ms. Bodo claims she is entitled to "wages at the highest rate paid out of Naknek, AK, her port of engagement."[43] But the Angasans, citing 46 U.S.C. § 11107, instead assert that she "is entitled to recover the highest rate of wages of a seaman of comparable rating at the port from which the seaman was

---

[39] Docket 31 at 11.

[40] *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 255.

[41] *See* Docket 25-2 at 1 (discussing with Plaintiff's attorney whether his "client would compromise by splitting the difference between 5 and 10 per cent").

[42] Docket 31-1 at 2-3, ¶¶ 9-13, 17; Docket 31-2 at 2, ¶ 10.

[43] Docket 1 at 2, ¶ 9.

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 9 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 9 of 10

engaged or the amount agreed to be given to the seaman at the time of engagement, whichever is higher."[44] The Ninth Circuit has held that 46 U.S.C. § 11107 "is properly construed" as entitling a seaman to recovering "either his promised wages or the highest rate of wages of a seaman of comparable rating at the port from which he was engaged, whichever is higher."[45] Clearly, there is a genuine dispute between the parties as to whether they agreed on a promised wage. And if there was no such agreement, there is also a genuine factual dispute as to what the "highest rate of wages of a seaman of comparable rating" to Ms. Bodo in Naknek would be. Accordingly, the Court denies Ms. Bodo's motion for partial summary judgment. Because Ms. Bodo does not prevail on her motion for summary judgment, the Court also denies her request for attorney's fees.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' Motion to Strike at Docket 34 is GRANTED in part and DENIED in part as set forth herein, and that Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman at Docket 25 is DENIED.

DATED this 21st day of August, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[44] Docket 18 at 2, ¶ 9.

[45] *TCW Special Credits v. Chloe Z Fishing Co.*, 129 F.3d 1330, 1334 (9th Cir. 1997).

Case No. 3:23-cv-00035-SLG, *Bodo v. Angasan, et al.*
Order re Plaintiff's Motion for Partial Summary Judgment for Payment of Undisputed Wages Due a Seaman & Defendants' Motion to Strike
Page 10 of 10
Case 3:23-cv-00035-SLG   Document 36   Filed 08/21/23   Page 10 of 10